# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | |
| v. : | Criminal No. 1:21- |
| : | |
| **MOHAMMAD EZAZUL HOQUE,** : | VIOLATIONS: |
| : | 18 U.S.C. § 201 (Bribery) |
| Defendant. : | 18 U.S.C. § 1343 (Wire Fraud) |

## INFORMATION

The United States of America charges that:

### COUNT ONE

1. From in or about 2015 to in or about 2017, within the District of Columbia and elsewhere, the defendant, MOHAMMAD EZAZUL HOQUE, corruptly did give, offer, and promise anything of value to Public Official 1 with intent to influence an official act; that is, HOQUE gave, offered, and promised money to Public Official 1 with intent to influence Public Official 1 to change the status and effect of unpaid tax liabilities owed to the District of Columbia by HOQUE's businesses.

All in violation of Title 18, United States Code, Section 201.

### COUNT TWO

2. From in or about 2013 to in or about 2017, within the District of Columbia and elsewhere, the defendant, MOHAMMAD EZAZUL HOQUE, devised and intended to devise a scheme and artifice to defraud financial institutions, and to obtain money and property from financial institutions by means of false and fraudulent pretenses, representations, and promises, and the concealment of material facts, by submitting credit card applications and obtaining credit cards in the names of individuals other than himself without those individuals' knowledge or consent.

*Purpose of the Scheme to Defraud*

3. The purpose of the scheme to defraud and to obtain money and property was to personally enrich HOQUE.

*Manner and Means of the Scheme to Defraud*

4. To carry out the scheme to defraud, HOQUE submitted credit card applications to financial institutions in which he falsely represented himself to be other individuals, whose names and identifying information he used without those individuals' knowledge and consent.

5. HOQUE charged his own personal and business expenses to the credit cards that he obtained in other individuals' names with the fraudulent applications.

6. HOQUE directed electronic communications about fraudulently obtained credit cards from the financial institutions from which he obtained those cards to email addresses he controlled and to which he had access.

7. HOQUE used his personal bank accounts to receive any credits and make payments arising from his use of the credit cards he fraudulently obtained.

8. HOQUE often did not make payments toward the debt accrued with financial institutions by his use of the credit cards he fraudulently obtained in others' names.

*Execution of the Scheme to Defraud*

9. On or about June 29, 2017, in the District of Columbia and elsewhere, HOQUE, for the purpose of executing the above-described scheme and artifice to defraud and to obtain money and property, did knowingly transmit and cause to be transmitted, by means of wire communication in interstate commerce, writing, signals, and sounds, to wit: HOQUE caused Financial Institution 1 to deposit to HOQUE's bank account at Financial Institution 2 a $13.95

credit issued against a credit card HOQUE had fraudulently obtained from Financial Institution 1 and used in the name of Person 2.

All in violation of Title 18, United States Code, Section 1343.

## FORFEITURE ALLEGATION

Upon conviction of any of the offenses alleged in Counts 1 and 2 of this Information, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to these offenses, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

The United States will also seek a forfeiture money judgment against the defendant in the amount of $84,000, which represents the minimum profit obtained by the defendant as a result of official acts the defendant intended to influence by the payment of bribes to a public official as alleged in Count 1.

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United Sates Code, Section 2461(c), and Title 21, United States Code, Section 853(p)).

                          MICHAEL R. SHERWIN
                          ACTING UNITED STATES ATTORNEY

By: _____
       AMANDA R. VAUGHN
       MD Bar
       Assistant United States Attorneys
       Public Corruption and Civil Rights Section
       U.S. Attorney's Office
       555 4th Street, N.W., 5th Floor
       Washington, D.C. 20530
       (202) 252-1793
       amanda.vaughn@usdoj.gov